### DAVENPORT *v.* STATE OF INDIANA.

[No. 30,405. Filed June 1, 1965.]

547

*Ferdinand Samper* and *Lawrence C. Ammon*, of Indianapolis, for appellant.

*John J. Dillon*, Attorney General, and *Carl E. Van Dorn*, Deputy Attorney General, for appellee.

MYERS, J.—This is a criminal action wherein appellant was charged by affidavit with the crime of robbery. He was tried by the Judge of the Marion County Criminal Court, Division One, and found guilty. The court rendered judgment on the finding of guilty and sentenced appellant to the Indiana State Reformatory for an indeterminate period of not less than ten years and not more than twenty-five years, with a fine of One Dollar and costs. A motion for new trial was filed based on the ground that the finding of the court was not sustained by sufficient evidence and was contrary to law. The motion was overruled and this appeal followed. Appellant's assignment of errors specifies as its only reason the overruling of the motion for new trial.

Appellant's argument is based primarily on the sufficiency of the evidence. He claims there is reasonable doubt as to his guilt from the testimony presented in court. However, it is not necessary on appeal that the evidence show the defendant's guilt beyond a reasonable doubt in order for the evidence to be sufficient to sustain the judgment. *Christian* v. *State* (1950), 228 Ind. 30, 89 N. E. 2d 445; *Whitney* v. *State* (1934), 206 Ind. 562, 188 N. E. 779. All that is required is that there is some evidence to support the finding and judgment. *Whitney* v. *State, supra.*

The evidence most favorable to the State is as follows: On the night of November 23, 1960, Larry Leroy Leavitt, an employee of the Wake Up Oil Company, was working in a gasoline filling station at 4501 East Michigan Street, Indianapolis, Indiana. About 11:45 p.m., a 15-year-old Howe High School student, by name of Robert Dean Secrist, stopped by to see Leavitt. At midnight Leavitt locked the front door, put money in the safe and proceeded to leave the station with Secrist. In so doing, they were approached by two men, one of whom stuck a gun in Secrist's stomach and ordered him back into the station. He and Leavitt backed into the station room where they were told to open the safe, take out the money and turn it over to the robbers. The safe was opened by Leavitt who was in fear of his life and the money therein was put in the pocketbook of one of the robbers. The amount was later determined to be $236.24.

There was testimony that one of the men who perpetrated the robbery was dressed as a woman. He wore make-up, a pair of woman's shoes, leotards, a scarf and a long coat. Secrist testified that the man dressed as a woman could be identified as a man because of bodily appearance, and that the make-up was so thick "any woman wouldn't have been seen dead wearing that much."

The robbery was reported to police, and twenty minutes thereafter Secrist identified a picture of appellant as being one of the men involved. Police went to appellant's home at 1:00 a.m., November 24, 1960. When he came to the door, he wore no shirt and looked as though he had just come from a shower or had just washed his face. He was arrested and his premises searched. In the bathroom police found assorted women's clothing, some ladies' shoes and a pair of

black leotards. There was also found a .32-caliber Colt automatic in a car in appellant's driveway.

At the trial, Secrist identified appellant as the person dressed as a woman. Appellant relies on the testimony of his co-counsel and a police officer who testified that at a previous hearing Secrist had identified another man as the one dressed in women's clothing. Appellant claims that the effect of this testimony produces a reasonable doubt as to appellant's guilt and, therefore, a lack of sufficient evidence to convict him.

The testimony of these witnesses places the credibility of Secrist's testimony at issue. This is a matter to be determined by the trier of facts, which, in this case, was the trial judge. *Coffer* v. *State* (1958), 239 Ind. 22, 154 N. E. 2d 371; *Schmittler* v. *State* (1950), 228 Ind. 450, 93 N. E. 2d 184. This court on appeal will not determine the credibility of witnesses when the question of sufficiency of the evidence is raised. *Myers* v. *State* (1960), 240 Ind. 641, 168 N. E. 2d 220; *Denson* v. *State* (1960), 240 Ind. 324, 163 N. E. 2d 749; *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649.

Here, the trial judge determined the credibility of the witnesses who testified concerning the identification of appellant by Secrist. This was his duty, and it is clear that we have no authority to review his decision under these circumstances. *Hammond* v. *State* (1928), 200 Ind. 343, 163 N. E. 262.

Appellant cites the case of *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641, as authority for his position. In this case, the witness at one time said she could not identify the defendant, and at another time said she could. In the case at bar, Secrist at no time said he could not identify appellant. In fact, he reaf-

firmed the identification as a rebuttal witness for the State.

Judgment affirmed.

Achor, Arterburn and Landis, JJ., concur.

Jackson, C. J., concurs in result.

NOTE.—Reported in 207 N. E. 2d 500.