LEITNER *v.* STATE OF INDIANA.

[No. 30,613. Filed September 13, 1967.]

*Harry S. Taylor,* of South Bend, and *Quinn, Howard & Clark,* of counsel, of Indianapolis, both for appellant.

*Edwin K. Steers,* Attorney General, and *Frederick J. Graf,* Deputy Attorney General, for appellee.

JACKSON, J.—This is an appeal from the St. Joseph Superior Court No. 1 arising by reason of appellant's conviction in that court after trial by jury of having committed a felony.

Appellant, on the 14th day of February 1962, was charged by affidavit in three counts with the crimes of, by count one thereof, second degree burglary; by count two thereof, of the crime of automobile banditry; and by count three thereof, with the crime of grand larceny.

Thereafter, on March 6, 1962, appellant challenged the sufficiency of three counts of the affidavit by motion to quash all three counts. This motion was promptly overruled, and on the same date appellant filed his motion to strike the first and third counts of the affidavit, which motion was at that time overruled.

On March 26, 1962, appellant waived arraignment and entered a plea of not guilty to all three counts of the affidavit. Thereafter, on February 13, 1964, appellant filed his motion to require the State of Indiana to elect upon which count they depended for prosecution, and to dismiss the other two counts. Hearing was had upon said motion, and the State elected to dismiss count two of the affidavit charging automobile banditry, and to proceed on counts one and three. The court ordered count two dismissed, and further ordered that thereafter in the trial of this cause, count number three would be referred to as count two.

Count one of the affidavit, omitting formal parts thereof, and signatures thereto, reads as follows:

"RAYMOND L. ROY, being first duly sworn upon his oath, deposes and says:

"That on or about the 12th day of February, 1962, at and in the County of St. Joseph, State of Indiana, one FRANK JOSEPH LEITNER did then and there unlawfully, feloniously and burglariously break and enter into the building and structure of Raymond L. Roy and Geraldine E. Roy, doing business as The Royal Hawaiin (sic) Jewelers, then and there situated at 125 N. Michigan Street, South Bend,

St. Joseph County, Indiana, which building and structure was not a place of human habitation, with intent then and there to commit a felony therein, to-wit: unlawfully and feloniously to take, steal and carry away the goods and chattels and personal property of the said Raymond L. Roy and Geraldine E. Roy, contrary to law in such cases made and provided and against the peace and dignity of the State of Indiana."

Count two of the affidavit reads as follows, to-wit:

"RAYMOND L. ROY, being first duly sworn upon his oath, deposes and says:

"That on or about the 12th day of February 1962, at and in the County of St. Joseph, State of Indiana, one FRANK JOSEPH LEITNER did then and there unlawfully and feloniously take, steal and carry away of the personal goods and chattels of Raymond L. Roy and Geraldine E. Roy the following:

1. 841 Model T. Shields Watch
2. 3018 Model T. Shields Watch
3. 838 Model T. Shields Watch
4. 3017 Model T. Shields Watch
5. 3046 Model T. Shields Watch
6. Florentine Bracelet Longine Watch
7. Turquoise Ring.

then and there of a total value of Two Hundred Fifty Four Dollars and Seventy Cents ($254.70), contrary to law in such cases made and provided and against the peace and dignity of the State of Indiana."

On February 24, 1964, the trial was concluded and the jury returned the following verdict:

"We, the jury, find the defendant guilty of the included offense in count 1, to-wit: Entering to Commit a Felony, and we further find his age to be 40 years. We further find the defendant not guilty of count 2 as charged."

The court thereupon set February 27, 1964, for the finding on the verdict and ordered the defendant be referred for pre-sentence investigation. Afterwards, on the 27th day of February, 1964, the court referred the defendant to the chief adult

Probation Officer for St. Joseph County to make a pre-sentence investigation and fixed March 23, 1964, for the disposition of the matter on the pre-sentence investigation.

Afterwards, on March 13, 1964, appellant filed his motion for new trial, which omitting caption, formal parts thereof and signature thereto, reads as follows:

"Comes now the Defendant, Frank Joseph Leitner, and moves for a new trial in this cause for the following reasons, to-wit:

"1. Error of law committed at the trial in the giving of State's Requested Instruction No. 8.

"2. Error of law committed at the trial in the giving of State's Requested Instruction No. 9.

"3. Error of law committed at the trial in the giving of State's Requested Instruction No. 10.

"4. Error of law committed at the trial in the giving of State's Requested Instruction No. 13.

"5. Error of law committed at the trial in refusal to give Defendant's Requested Instruction No. 1.

"6. Error of law committed at the trial in refusal to give Defendant's Requested Instruction No. 2.

"7. Error of law committed at the trial in refusal to give Defendant's Requested Instruction No. 7.

"8. That the verdict of the Jury is not sustained by sufficient evidence.

"9. That the verdict of the Jury is contrary to law."

Thereafter, on the 23rd day of March, 1964, the court had a hearing on appellant's motion for new trial and said motion was overruled; the court sentenced the defendant upon the verdict of the jury, finding the defendant guilty of the lesser included offense of entering to commit a felony. The court then sentenced the defendant to the custody and control of the warden of the Indiana State Prison for a period of not less than one nor more than ten years.

Thereupon the defendant filed his praecipe for an appeal and a petition to be admitted to bail, and the court set the

appeal bond in the penal sum of $5,000.00; the defendant filed such bond with surety and the court ordered the defendant to be released on bond pending the appeal.

The assignment of errors filed herein is the single specification:

"Comes now the Appellant and shows to the Court that the trial court committed manifest error in the trial of this cause in the following respects, to-wit:

"1. In overruling the Motion for new trial."

The evidence most favorable to the State may be summarized as follows:

Mrs. Lydia Edmonds testified that she was employed as a stock clerk by Mr. and Mrs. Roy at the Royal Hawaiian Jewelers in February of 1962. That it was her duty to wait on customers and do various other things. On February 12, 1962, the store opened at 12:00 o'clock and she was there at 11:00. That she had lived in South Bend since 1951 and was employed at the Royal Hawaiian Jewelry store about eleven years, nine of which were prior to February 12, 1962. That she rode to work with Mrs. Van Goey who was a secretary employed by the firm. She picked her up on the particular day involved, and they drove by the Worth Store and the Hawaiian store. At that time two men were standing by the store conversing with one another. She could not see their faces. They drove to the parking lot behind Wyman's store and saw the two men for about a second. After parking the car they headed back down the alley to Michigan Street. They walked down Michigan Street to the store when they heard the glass break. She saw the two men still standing there and Mrs. Van Goey started screaming and calling the police. They were facing the two men. She went into the Dainty Maid Bakery to call the police. She did not see the two men do anything before she went into the bakery, she did not see either of them put anything into his pockets and she did not see anything in their hands. She was in the bakery a matter of sec-

onds, then went outside, and the two men were still standing there. They stood there for a few seconds, then started walking, at a normal gait, along Michigan Street with their backs to her.

Robert Copeland, who was employed by the South Bend Police Department as a detective sergeant on February 12, 1962, was called to the Royal Hawaiian Jewelry Store on that date, where he observed a lot of glass in the lobby and observed a glass was missing from a show case on the north side of the lobby. He was at the Royal Hawaiian for six or seven minutes and had a conversation with Mrs. Van Goey. While he was there he obtained a description of the two parties that Mrs. Van Goey had seen in the lobby. About that time Mrs. Van Goey noticed a car in front of the store to which she directed his attention. It was a blue 1960 Ford which was in a 12 minute zone. The car was on the west side of the street headed south. The witness did not recall any other cars parked in front of the store at that time. He was inside the Royal Hawaiian when a person came to the car and got in behind the wheel. That person was the appellant. The appellant started the car and the witness came out to the car and asked appellant if he would come to the police station with him and the appellant said yes and turned the engine off and got out of the car. They went to the police station and went into one of the interrogation rooms and appellant identified himself and produced $500.00 which he had on him. He said that it was his car in front of the store, and he said that he had come to town by way of the toll road and had parked in a 12 minute zone and left the key in the car. He said he was walking in the downtown area looking for a pair of shoes and window shopping. He asked if the charge was serious and the witness said yes, or that it could be, and he asked whether this charge could be taken care of. The witness told him it could not. At that time the witness told him that he did not know what the charges would be except that his car was

tagged for improper registration and that he was being held for investigation of a burglary. The car was illegally parked in that it was parked overtime in a 12 minute zone. The witness did not give him a ticket. The uniformed man was told to give him a ticket by Sergeant Andert. The witness did not search the car nor the appellant. He did ask him to empty his pockets and he did not have any jewelry on him.

Several other witnesses were called, some of whom were police officers that responded to the call and came to the jewelry store, but did not see appellant or anyone else at or about the scene of the alleged crime. One other witness testified that he was sitting in his car and saw the appellant "about one-third of his face for half a second" and that appellant and another person were walking fast or running from the scene of the alleged crime, and he identified the appellant as the shorter of the two men he had seen running on that morning.

Appellant argues that the appellee did not introduce sufficient evidence of probative value to sustain the judgment and urges as Assignment of Error No. 1 that the court erred in overruling appellant's motion for a new trial, and urges specifically specifications six, eight and nine of the motion for new trial which reads as follows:

"6. Error of law committed at the trial in refusal to give Defendant's Requested Instruction No. 2.
"8. That the verdict of the Jury is not sustained by sufficient evidence.
"9. That the verdict of the Jury is contrary to law."

The appellant contends that the decision is contrary to law because of lack of evidence, and has stated that as substantially the same question was raised in this case by all three specifications he has grouped and supported them by one argument.

The appellant concedes that upon appeal the evidence most favorable to the State will be considered to determine its sufficiency and cites *Metz* v. *State* (1963), 244 Ind. 536, 194 N. E. 2d 617.

There must be substantial evidence of probative value of each essential element of the crime charged from which a reasonable inference of guilt may be drawn. *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641; *Shutt* v. *State* (1954), 233 Ind. 169, 117 N. E. 2d 892.

The appellant states that the State failed to prove one of the essential elements to the crime of which appellant was convicted, namely: an entrance to the business house. Under the particular facts of the case at hand if an entry was made it must be inferred from either the testimony that the jewelry case glass was broken, or testimony that certain watches and a ring which had been placed in the showcase were later found to be missing, since there was no evidence of entry into the showcase by the appellant.

The crime of second degree burglary with which appellant stood charged in the affidavit is set forth in Acts 1941, ch. 148, § 4, p. 447, § 10-701 (b), Burns' 1956 Replacement.

The crime of entering to commit a felony is a lessor and included offense of second degree burglary and is defined by Acts 1941, ch. 148, § 5, p. 447, § 10-704, Burns' 1956 Replacement.

A comparison of § 10-704, Burns 1956 Replacement, *supra*, with § 10-701 (b), Burns' 1956 Replacement, *supra*, reveals that the only difference between the two statutes is that the crime of second degree burglary contains one additional essential element, viz: a breaking. In the case at bar apparently the jury concluded that proof of this element either was not present or that proof of the element was insufficient since the appellant was found guilty of the lessor and included offense of entering with intent to commit a felony.

The trial court sustained the appellant's motion for a directed verdict at the close of the State's evidence as to the charge of grand larceny.

The crime of grand larceny was defined, at the time of the crime, by Acts 1941, ch. 148, § 9, p. 447, § 10-3001, Burns' 1956 Replacement, which read as follows:

"Whoever steals, takes, carries, leads, or drives away the personal goods of another, of the value of twenty-five dollars [$25.00] or upwards, is guilty of grand larceny, and, on conviction, shall be fined in any sum not exceeding five hundred dollars [$500] and imprisoned for not less than one [1] year nor more than ten [10] years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

The appellant argues that since ownership or possession of the personal goods of another is an element known to both crimes of grand larceny and second degree burglary, the trial court's action in sustaining appellant's motion for a directed verdict as to the charge of grand larceny is tantamount to a finding that the evidence of stealing, taking and carrying away of the jewelry by the appellant was insufficient, and that therefore the entry of the appellant to the jewelry case must be inferred in the case at hand from the testimony concerning the breaking of the jewelry case glass or from the testimony that there was missing jewelry, since there was no other evidence of probative value relating to the same, and it follows that the jury's verdict was based upon an inference or inferences arrived at on the basis of insufficient evidence. They cite that there must be some substantial evidence of probative value from which a reasonable inference of guilt may be drawn and cite *Baker* v. *State, supra,; Christen* v. *State* (1950), 228 Ind. 30, 89 N. E. 2d 445; *Shutt* v. *State* (1954), 233 Ind. 169, 117 N. E. 2d 892.

The appellee contends that the statute proscribing the crime of entering to commit a felony, of which crime appellant was convicted, reads in part:

"Whoever enters any ... business-house, ... or any other erection or inclosure, with the intent to commit a felony therein, shall, on conviction, be imprisoned for not less than one [1] year nor more than ten [10] years, . . ." Acts 1941, ch. 148, § 5, p. 447, § 10-704, Burns' 1956 Replacement.

In this connection the record shows that the jewelry case was in an open entryway or foyer open to the public, without any door and the case being a part of one side of the foyer or entryway. Such being the case there could be no entry into the "businesshouse" within the purview of the statute and there was and is no testimony of record placing any part of appellant's body, hands, arms or other extremities in the jewelry case.

The State further argues that "[s]ignificantly, this crime does not require the *consummation* of a felony!" In *Pendleton* v. *State* (1959), 239 Ind. 341, 344, 156 N. E. 2d 782, 783, this Court stated the following rule:

". . . it is not necessary, in order to sustain a judgment on appeal for the evidence to show the defendant's guilt beyond a reasonable doubt, but all that is required is that there be some evidence of probative value sustaining every material allegation. . . . *Arrington* v. *State* (1952), 230 Ind. 348, 386, 103 N. E. 2d 210."

Also, the appellee contends that a conviction may rest entirely upon circumstantial evidence, citing *Raymer* v. *State* (1964), 244 Ind. 644, 195 N. E. 2d 350, 351, and authorities cited therein. Further, the State contends it is well settled Indiana law that a jury may draw all the logical and reasonable inferences that the evidence permits, citing: *White* v. *State* (1948), 226 Ind. 309, 79 N. E. 2d 771; *Butler* v. *State* (1945), 223 Ind. 260, 60 N. E. 2d 137.

We have given this case careful consideration and have examined the authorities cited by the appellant and appellee with care. We have also gone through the evidence adduced in the case at bar, not for the purpose of weighing the same, but for the purpose of determining whether there is sufficient evi-

dence of probative value to sustain the judgment of the jury. An examination of such evidence discloses not only that there is no evidence of sufficient probative value to sustain the verdict of the trial court, but that there is no evidence whatever to sustain such verdict.

The judgment of the trial court is reversed and said cause remanded with instructions to grant appellant's motion for a new trial.

Hunter, C. J. and Lewis, J., concur.

Mote, J., concurs in result.

Arterburn, J., dissents.

NOTE.—Reported in 229 N. E. 2d 459.