257 Ind. 360 (1971)
274 N.E.2d 530
PETERS, ET AL.
v.
POOR SISTERS OF SAINT FRANCIS, ETC., INC., INDIANA HOSPITAL ASSOCIATION, AMICUS CURIAE.
No. 1171S320.
Supreme Court of Indiana.
Filed November 9, 1971.
*361 Marvin Gittler, Asher, Greenfield, Gubbins & Seagall, of Chicago, Illinois, Donald L. Gray, Sullivan and Gray, of Whiting, for appellants.
Galvin, Galvin & Leeney, of Hammond, Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, Illinois, William S. Hall, of Indianapolis, Amicus Curiae, for appellee.

ON PETITION TO TRANSFER
GIVAN, J.
The appellants have filed a petition to strike the appellee's petition to transfer based on the proposition that the $50 deposit required of the petitioner upon the filing of the petition to transfer as provided in Burns Ind. Stat., 1968 Repl., § 4-215, was not deposited by the appellee until after the petition to transfer had been filed and after the expiration of the twenty-day deadline within which petition to transfer was filed. As was pointed out in Square D Co. v. O'Neal (1947), 225 Ind. 49, 72 N.E.2d 654, and as observed in 7 I.L.E., Chapter 3, Courts, § 111, the $50 required in conjunction with the filing of the petition to transfer is a cash deposit to be paid to the successful party for the defraying of expenses incurred, if the petition to transfer is denied, and to be returned to the party who filed the petition if it is granted. We find nothing either in the statutes or in the case law to indicate that the deposit is jurisdictional and required to be filed within the twenty-day period allowed for the filing of petition to transfer. The fact that the deposit was in fact made prior to this Court's determination of the petition was sufficient. The petition to strike is, therefore, denied.
This case was decided by the Appellate Court March 16, 1971, and is reported in 267 N.E.2d 558. By its opinion the Appellate Court reversed the trial court on two grounds: *362 1. That orders of modification made by the trial court on April 16, 1970, and May 8, 1970, which pertained to the retention of employees and an election, were invalid; and 2. That the trial court had failed to comply with the statutory requirement to make special findings of fact. This Court is in agreement with the Appellate Court decision on those two points. The Appellate Court opinion is therefore affirmed as to its stated reasons for reversal.
Although we agree with the result reached by the Appellate Court, we cannot agree with the observations of law which that court adds to its opinion beginning at page 565 wherein the Appellate Court makes an erroneous interpretation of the language used by this Court in deciding the case of Anderson Federation of Teachers, Local 519 v. City of Anderson (1970), 251 N.E.2d 15, rehearing denied 254 N.E.2d 329.
The Appellate Court quoted the following language from the Anderson case (the Anti-Injunction statute), "by its very terms and definitions is confined to `labor disputes' in the private sector of the body politic."
The words "private sector" in the above quote were not intended as interpreted by the Appellate Court to confine the law of that case to employees of political subdivisions of the state. The Anderson Federation of Teachers case is reported in 37 ALR 3d 1131. Following the report of the case there is an annotation beginning at 1147. At page 1170 specific reference is made to hospital employees citing the case of Jewish Hospital of Brooklyn v. Doe (1937), 252 App. Div. 581, 300 NYS 1111. In examining the granting of injunctive relief the Appellate Division of the Supreme Court of New York pointed out that the hospital in caring for the indigent sick was discharging at least in part a function that ordinarily devolves upon the government. The hospital thus was in fact, if not in name, a governmental agency performing a governmental function.
*363 In the case at bar the record does not recite facts sufficient to determine the status of the appellee hospital. In this opinion we do not purport to pass upon such status. We merely point out that the factual situation might well be such that the hospital did in fact perform a governmental function, even though it is a private organization. In so far as the Appellate Court opinion purports to hold that private organizations are in every instance governed by the terms of the Indiana Code of 1971, 22-6-1, as found in Burns Ind. Stat. § 40-501 et seq., it is disapproved.
The petition to transfer is denied for the reason the result reached is correct.
Arterburn, C.J., Hunter and Prentice, JJ., concur; DeBruler, J., dissents with statement.

DISSENTING STATEMENT
DeBRULER, J.
It is only infrequently that this Court chooses to write an opinion when denying a motion to transfer. In order to avoid any possible doubt that might result from a simple concurrence in this denial of transfer, my vote is here separately expressed. I vote to deny the petition of the appellee-hospital to transfer. I do not join in the legal statements and conclusions express by Judge Givan on behalf of a majority of the members of the Court, and would leave the Appellate Court opinion stand untrammelled.
NOTE.  Reported in 274 N.E.2d 530.