DAVID HARDIN *v.* STATE OF INDIANA.

[No. 372A124. Filed September 22, 1972. Rehearing denied October 17, 1972. Transfer denied June 6, 1973.]

*David F. McNamar, Steers, Klee, Sullivan & LeMay,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

SULLIVAN, J.—This is an appeal from a robbery conviction after trial without jury. The defendant was sentenced to the Indiana State Farm for a term of 360 days under the Minor's Statute, IC 35-8-3-1, Ind. Ann. Stat. § 9-1815 (Burns 1956). The only contested fact at trial was whether defendant was the robber. The only evidence that he was is his identification by the victim. Whether that identification constitutes substantial evidence of probative value is the question before us.

First, however, we speak to defendant's attempt to assert for the first time on appeal that he was denied constitutional rights by an on-the-street confrontation with the robbery victim while defendant was being detained by the police a few blocks from the robbery scene shortly after its commission. He contends that under *United States* v. *Wade* (1967), 388 U.S. 218, and *Gilbert* v. *California* (1967), 388 U.S. 263, he was entitled to be represented by counsel present at the confrontation scene. Since this appeal was briefed, the United States Supreme Court, in *Kirby* v. *Illinois* (1972), 406 U.S. 682, 32 L. Ed 2d 411, 92 S. Ct. 1877, has held that the *Wade-Gilbert* rule is inapplicable to confrontations which take place before the defendant has been formally charged with a crime. As to confrontation-identifications of the type here involved, the Indiana

Supreme Court had already ruled *Wade-Gilbert* inapplicable. *Dillard* v. *State* (1971), 257 Ind. 282, 274 N. E. 2d 387; *Parker* v. *State* (1970), 254 Ind. 593, 261 N. E. 2d 562. In any event, with respect to appellant's assertion that his confrontation identification denied his right to due process, the question was never raised below and has been waived. *Davis* v. *State* (1972), 258 Ind. 533, 282 N. E. 2d 805, 31 Ind. Dec. 21.

## SUFFICIENCY OF EVIDENCE

This court may not weigh the evidence nor resolve questions of credibility. We are permitted only to view that evidence, and the reasonable inferences to be drawn therefrom, which support the judgment. *Hall* v. *State* (1972), 259 Ind. 131, 284 N. E. 2d 758, *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. If that evidence and the permissible inferences which may be drawn meet the test of substantiality, the judgment must be affirmed. *Johnson* v. *State* (1972), 258 Ind. 648, 283 N. E. 2d 532.

The victim John Bolinger was the State's only witness. His identification is all that connects defendant to the crime. Summarized, his testimony is as follows: On September 28, 1971, he ran an insurance debit in the area of 28th and Talbott Streets, Indianapolis. Shortly after 2:00 P.M. of that day, he drove his automobile eastward on 28th Street approaching Talbott. He stopped at the curb near the intersection with his car window down. Someone slipped up behind the car and grabbed him around the neck. The assailant said that he had a knife and not to move. He also told Bolinger that "if I tried anything, he had a pistol and he'd blow me up." Bolinger's further testimony was:

"He told me to give him my billfold, which I did, and also, I had a watch, well, a pocket watch and, also, another wrist watch laying in the car, and he also asked me to give him the one I had on my arm, which I did. Then he reached over the felt in my right front pocket, which I

had my bills in, and which I had approximately Seventy Dollars, and said, 'Give me what you got in that pocket.' And, he said, 'Also, give me your car keys.' Then about that time, why, whatever he had on the back of my neck, he rubbed it hard across my neck, so evidently, I couldn't tell for sure what it was at that time. But, then he ran."

The prosecuting witness related that shortly thereafter a police officer advised him that they had apprehended a suspect nearby and wished Bolinger to try and identify him. Bolinger rode with police to the intersection of 27th and Capitol (a distance of approximately five blocks) where Bolinger identified the defendant Hardin as the man who robbed him.

We are well aware of the admonition contained in *Gaddis* v. *State* (1969), 253 Ind. 73, 80, 251 N. E. 2d 658, wherein the court noted that we "must be particularly vigilant where a conviction is supported by the testimony of one eyewitness." The case before us, however, is to be distinguished from *Gaddis, supra,* and other decisions in this state which have reversed convictions upon the weakness of identification evidence.

Unlike the *Gaddis* line of cases which rely for the most part upon *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641, the identification testimony herein was positive and without hesitance or uncertainty. Bolinger testified as follows:

"Q. And, you identified him on the spot? [Upon arrival at 27th & Capitol Streets, the site of the arrest and confrontation.]
A. Yes."

And further:

"Q. And, you have absolutely no hesitancy about telling the judge that this is the man who ought to do ten years?
A. Not at all.
Q. What if I told you that he was with this young lady at the time you say you were robbed, would you have any second thoughts then?
A. No."

\* \* \*

"Q. Couldn't possibly have been anybody else?
A. No."

In this respect, our facts are more closely aligned with those in *Bryant* v. *State* (1972), 257 Ind. 679, 278 N. E. 2d 576 and *Davenport* v. *State* (1965), 246 Ind. 546, 207 N. E. 2d 500, than with *Baker, supra.*

In addition there were other matters of record which lend substantiality and veracity to the victim's testimony. Bolinger testified that he noticed a scar on the cheek of his assailant and that at the time the robber placed his hands upon Bolinger's right front pocket and at the time that he reached across the body of the prosecuting witness, Bolinger had a view of the side of the robber's face. Although not before the trial court during the proceeding below, certain matters of record are before us lending weight and reliability to the testimony of the prosecuting witness. An "After the fact" pre-sentence investigation report disclosed the existence of a scar upon the defendant's face. While such fact does not serve as corroborative *evidence*, it is nevertheless supportive of our finding that the decision and judgment below is supported by "substantial" evidence.

Additionally, there was testimony by Bolinger concerning the assailant's clothing:

"Q. How would you describe, to the police officer, the man who had done this?
A. More or less, his clothing, at the time, which he had some blue clothing on."

\* \* \*

"Q. Were the clothes the same he had on when you saw him on Capitol [the place of the arrest and confrontation by the prosecuting witness] ?"

Objection was made to the latter question. However, the witness had answered the question "Yes" before such objection was sustained. Thus, the answer was already of record and was not thereafter stricken.

In summary, the evidence concerning defendant's identification contains not only testimony that Bolinger saw the defendant's face but as well that he noted a scar and the color of his clothing. Such evidence of identification is in our view sufficient. *Bryant* v. *State, supra; Dillard* v. *State, supra; Barnes* v. *State* (1965), 246 Ind. 485, 205 N. E. 2d 539; *Ware* v. *State* (1963), 243 Ind. 639, 189 N. E. 2d 804; *McMinoway* v. *State* (1972), 283 N. E. 2d 553. Compare *Groce* v. *State* (1968), 250 Ind. 582, 236 N. E. 2d 28 and *Leitner* v. *State* (1967), 248 Ind. 381, 229 N. E. 2d 459.[1]

## EVIDENCE OF ALIBI DOES NOT RENDER CONTRARY TESTIMONY LEGALLY INSUFFICIENT

We make our determination of sufficiency not unmindful of the testimony of two witnesses to the effect that defendant was physically present elsewhere at the time of the robbery. Notwithstanding certain dictum in *Hallums* v. *State* (1968), 249 Ind. 309, 313, 232 N. E. 2d 597 distinguishing *Baker* v. *State, supra:* "There is no testimony as to any alibi of the defendant in this case."; and notwithstanding the fact that two witnesses testified on behalf of defendant here to the effect that he was physically present elsewhere at the time of the robbery, the establishd law of Indiana is as set forth in *Madison* v. *State* (1971), 256 Ind. 353, 269 N. E. 2d 164. The trier of fact may reject exculpating testimony when the totality of the evidence reasonably supports a finding of guilt. As the court in *Madison* stated:

> "Clearly, [the trier of fact] was satisfied that appellant's various versions of the affair did not represent what had in fact occurred." 269 N. E. 2d 164, 169.

---

1. In *Leitner*, a conviction of "Entering to Commit a Felony" was reversed but not necessarily because of "weak" identification. In Leitner there was no "breaking or entering," thus the conviction could not stand even in view of unshakeable identification. In the *Groce* case, the court acknowledged that appellant's assertion of insufficient identification would have merit in the absence of more evidence but affirmed the conviction of burglary on the basis of fingerprints matching those of defendant found upon the broken window of the burgled premises.

To the same effect is *Black* v. *State* (1971), 256 Ind. 487, 269 N. E. 2d 871. And in *Ellis* v. *State* (1969), 252 Ind. 472, 250 N. E. 2d 364, the court noted that an identification established by circumstantial evidence may nevertheless be of such substantial nature as to remove any reasonable doubt of guilt. The court held circumstantial evidence of identification sufficient to support the conviction and quoting from *Medsker* v. *State* (1946), 224 Ind. 587, said:

"The question of identity is one of fact and not of law. Therefore all evidence bearing upon the question must be submitted to the jury, and it is for the jury to determine whether it is satisfactory and trustworthy."

Of particularly persuasive effect is *Potter* v. *State* (1971), 257 Ind. 370, 274 N. E. 2d 699, wherein the court treating an assertion by defendant that his identification by the prosecuting witness was insufficient as a matter of law in part because defendant himself denied that identification and offered two alibi witnesses, stated apropos of the case before us:

"We find nothing inherently 'unbelievable' or 'fantastic' in the testimony of the prosecuting witness. He unequivocally identified defendant as his assailant, and under the circumstances and the authority of the foregoing cases, we are neither required nor permitted to consider the conflicting evidence or inferences." 274 N. E. 2d 699, 700.

Affirmed.

Buchanan, P.J., concurs; White, J., dissents.

NOTE.—Reported in 287 N. E. 2d 359.