DAVID HARDIN *v.* STATE OF INDIANA.

[No. 372A124. Filed June 6, 1973.]

David F. McNamar, Steers, Klee, Sullivan & Lemay, Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Robert F. Colker, Assistant Attorney General, for appellee.

DeBruler, J.—Appellant has filed a Petition to Transfer from the decision of the Court of Appeals, Second District, found at 287 N. E. 2d 359. In its opinion the Court of Appeals affirmed the judgment of the trial court after consideration of two issues: one, the sufficiency of the evidence for a conviction of robbery (IC 1971, 35-13-4-6, being Burns § 10-4101) ; and two, the constitutionality of a confrontation between the accused and the victim which took place shortly after the robbery. (*Kirby* v. *Illinois* [1972], 406 U.S. 682, 92 S. Ct. 1877, 32 L. Ed. 2d 411; *Dillard* v. *State* [1971], 257 Ind. 282, 274 N. E. 2d 387). Although we agree with the results reached on both of these issues by the Court of Appeals, we cannot agree with the following section of that opinion:

> "In addition there were other matters of record which lend substantiality and veracity to the victim's testimony. Bolinger testified that he noticed a scar on the cheek of his assailant and that at the time the robber placed his hands upon Bolinger's right front pocket and at the time that he reached across the body of the prosecuting witness, Bolinger had a view of the side of the robber's face. Although not before the trial court during the proceeding below, certain matters of record are before us lending weight and reliability to the testimony of the prosecuting witness. An 'After the fact' pre-sentence investigation report disclosed the existence of a scar upon the defendant's face. While such fact does not serve as corroborative *evidence,* it is nevertheless supportive of our finding that the decision and judgment below is supported by 'substantial' evidence." 287 N. E. 2d at 361.

No court may support its "finding" on the sufficiency of the evidence of guilt of the accused from matters not re-

ceived in evidence at trial. The pre-sentence report is compiled by a probation officer from a variety of different sources and usually contains varying degrees of accurate information. It would be violative of due process to use information from this type of report to bolster the in-court testimony on the question of guilt. The use of information in this manner would deprive the defendant of such basic rights as confrontation of the sources of the information in the report, and the ability to test their assertions through cross-examination. *Pointer* v. *Texas* (1965), 380 U.S. 400, 85 S. Ct. 1065, 13 L. Ed. 2d 923.

It is rare that we would write an opinion when denying a petition for transfer, but we feel that our disapproval of the above passage should be expressed. *Peters* v. *Poor Sisters of Saint Frances* (1971), 257 Ind. 360, 274 N. E. 2d 530. Disregarding that section, however, the Second District opinion adequately and correctly decided the issues before it and we therefore deny the Petition to Transfer.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 296 N. E. 2d 784.