JAMES O. LEFLORE *v.* STATE OF INDIANA.

[No. 572A225. Filed August 9, 1973.]

*Harriette Bailey Conn* [*Mrs.*], Public Defender of Indiana, for appellant.

*Theodore L. Sendak,* Attorney General, *John McArdle,* Deputy Attorney General, for appellee.

WHITE, J.—Petitioner (LeFlore) appeals from a judgment denying him post conviction relief. He was sentenced February 18, 1971, to imprisonment for an indeterminate period of not less than ten years nor more than twenty-five years pursuant to a robbery conviction. At the time he filed his petition for post conviction relief on July 14, 1971, and at the time it was heard on September 8, 1971, his direct appeal was pending in the Indiana Supreme Court.[1] On May 8, 1972,

---

1. Prior to January 1, 1972, the Supreme Court had exclusive jurisdiction of criminal appeals. Ind. Acts 1901, Ch. 247, § 9, as last amended by Ind. Acts 1963, Ch. 279, § 1, IC 1971, 33-3-2-7, repealed effective January 1, 1972, by Ind. Acts 1971, P.L. 427, § 8.

Appellate Rule 4(A) (7), effective January 1, 1972, gives the Supreme Court exclusive jurisdiction in criminal appeals and appeals from denials of post conviction relief when the sentence is death, life imprisonment. or a minimum imprisonment of more than ten years. All other criminal and post conviction appeals are to the Court of Appeals.

the Supreme Court handed down an opinion affirming the judgment. See *LeFlore* v. *State* (1972), 258 Ind. 458, 281 N.E.2d 876, 30 Ind. Dec. 578.

The petition for post conviction relief was prepared *pro se,* but at the hearing thereon LeFlore was represented by a deputy to the State Public Defender who called petitioner to the witness stand where he refused to testify. His verified petition was thereupon offered and received in evidence and is the only relevant evidence in the record.[2] The relevant factual statements therein we quote as follows (omitting legal arguments, citations, and case quotations) :

"1. Petitioner alleges that he was arrested on July 13, 1970, for an armed robbery of the Penn Liquor Store, located in the 2200 block of North Meridian Street, Indianapolis. He complains that he was accosted and held illegally by a city's patrolman at 23rd and Pennsylvania Street, for the purpose of having witnesses participate in an extra-judicial identification process while he remained seated in a patrol car.

"a. It is now the contention of the Petitioner that the 'extra-judicial proceedings' could not have been more unreasonable, or more unjustifiable from the standpoint of necessity. Instead of arresting Petitioner on whatever information the officials would have deemed probable, and than place him in a 'line-up' the witnesses were summoned to the said area on Pennsylvania Street where of which the Petitioner was individually displayed to them in an automobile, On the basis of whatever grounds the investigation officer had for holding your Petitioner, there was nothing to prevent the officer from directly carring Petitioner straight to jail and conducting a proper line-up after summoning the prosecuting witnesses to police headquarter. The prosecuting witnesses were not on the brink of death as would have been a striking simularity in the case of *Stovall* v. *Denno* 388, U.S. 243, 18 L. Ed. 2d 1199, 87 S. Ct. (1967).

\* \* \*

2. The deputy defender was sworn and made a brief statement of his involvement in the case but was not permitted to recite what LeFlore had told him in an interview at the Reformatory following receipt of a copy of the *pro se* petition.

"2. Recognizing the above said, and realizing that the arrest by the patrolman that effected such, based upon information supplied him by the robbed victum, the same or that simular in effect had to be offered to Detective Harry Dunn- of the Robbery Division, who succeedingly entertained action in the matter. Detective Dunn had a right to expect that the information recived from the investigating officer was reliable in content, but, being based upon such assumed reliability, said Detective commenced to conduct his investigation of the accused by interrogation of him. For a period of around some (8) hours your Petitioner was subjected to vigorous interrogation by said Detective, and in the 'absence of counsel;' and only about midway through this period was Petitioner ever offered opportunity to see or sign the Indiana Standard Waiver regarding a freedom to question a suspect. Petitioner complied. With the aforesaid, and the information supplied by the arresting officer, absent of all reasonable caution, the arrest and detantion is clearly illegal, supported by nothing more than suspicion,

\* \* \*

"3. At Petitioner's trial he was put at direct disadvantage by being furtherly pushed in an aura of suspicion and innuendo by the State's illegal use of evidence against him; namely, an obtained short-gun, clothing ect, non of which was taken from Petitioner pocession at the time of his detention and arrest. Failure of Petitioner's own attorney to object to the introduction of this evidence refored to above, and failure of Petitioner's attorney to file motion to suppress evidence, proves an ineffectiveness in representation. The unconstitutional character did much to add more thrust to the prosecution's case, and could have very well proved to have been a futile attempt to erase what the jurors had viewed from their minds; thereby, said evidence caused jurors to reach their improper verdict."

After the rendition of the judgment denying relief, the State Public Defender filed the following motion to correct errors, which is appellant's assignment of errors for this appeal:[3]

"Comes now James Otis LeFlore, petitioner in the Petition for Post-Conviction Relief filed in the above cause

---

3. Appellate Rule 7.2 (A) (1) (a).

and moves that the decision of the court entitled FINDINGS OF FACT AND CONCLUSIONS OF LAW filed December 15, 1971, be set aside, that the error herein specified be corrected therein and a new trial be granted to the petitioner for the following reason:

*"Specification 1*

"The court erred in holding said Finding of Fact numbered 5:

'Petitioner has failed to prove by a preponderance of the evidence that he was convicted or sentenced in violation of the Constitution of the United States or the Constitution or Laws of the State of Indiana.'

"For as much as petitioner presented evidence tending to show that he was not advised of his right to counsel prior to line-up in absence of same, nor advised of his right to remain silent prior to any questioning which facts defense counsel knew but he did not object to evidence presented during trial which might have been excluded on these bases. At times, there was either no counsel or ineffective representation."

The evidence in this case, which we have recited in full, certainly rises to no higher level of cogency than "tendency to show". That is miles short of proof by a preponderance. And by no means can we say that such "evidence . . . can lead to but one conclusion and that the trial court has reached an opposite conclusion", which we would have to say were we to reverse. *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N.E.2d 669, 673.

The foregoing would be a sufficient statement of our reasons for affirming the judgment had we not improvidently granted LeFlore's preliminary motion requesting "leave to refer to the Record of the earlier direct appeal."

Our granting of that petition has been treated as having caused the evidence at the criminal trial to become a part of the evidence at the post conviction relief hearing. The net result is that this appeal is little more than an attempted second direct appeal of the criminal case. That is definitely

not the purpose of the Rules of Procedure for Post-Conviction Remedies. PC 1(A), Ind. Ann. Stat. (Burns Code Ed., 1973), Court Rules, Book 2, p. 634. *Langley* v. *State* (1971), 256 Ind. 199, 267 N.E.2d 538, 25 Ind. Dec. 118; *Kidwell* v. *State* (1973), 260 Ind. 303, 295 N.E.2d 362, 36 Ind. Dec. 247. The State, however, has failed to argue waiver and has elected to argue the merits of the issues petitioner-appellant contends are presented by this appeal. Apparently, *Langley, supra,* (267 N.E.2d at 542, 25 Ind. Dec. at 124) requires us to do likewise.

Those issues are:

1. Whether the term of petitioner's sentence is contrary to law.

2. Whether it was reversible error for the petitioner to be interrogated by the police before he signed a waiver.

3. Whether it was reversible error to admit identification testimony allegedly "tainted by the custodial identification proceedings, which were [allegedly] impermissively suggestive", and at which petitioner was without counsel.

## I.

LeFlore was sentenced to the Indiana State Reformatory for not less than ten nor more than twenty-five years, as expressly provided in the robbery statute. Ind. Ann. Stat. § 10-4101 (Burns 1956 Repl.) ; IC 1971, 35-13-4-6.

Appellant contends that because the crime was committed, the trial had, and the sentence imposed all while the 1969 version of the armed robbery statute was in effect, his minimum sentence for the lesser included offense of robbery should be no longer than the minimum sentence for armed robbery (the greater offense in which it is included). The so-called armed robbery statute was originally enacted as Ind. Acts 1929, Ch. 55, § 1. It prescribed a penalty of imprisonment

"for a determinate period of not less than ten years nor more than twenty years to be fixed by the court". After a 1965 amendment it was re-written to make it a crime to commit *any* felony when armed (and when certain other conditions pertained) and to provide a penalty of imprisonment "for a determinate period of not less than one (1) nor more than fifteen (15) years if the penalty imposed upon the said felony is ten years or less or, shall be imprisoned for a determinate period of not less than five (5) nor more than thirty (30) years, if the penalty imposed upon the said felony is more than ten (10) years".

All the while the robbery statute (Ind. Ann. Stat. § 10-4101 [Burns 1956 Repl.]) has remained unchanged in prescribing imprisonment for an indeterminate term of ten to twenty-five years. Thus the five to thirty year feature of the 1969 armed felony sentence would apply to a conviction of robbery while armed.

The 1969 amendment was effective August 18, 1969, and remained in effect until the Acts of 1971 became effective September 2, 1971.

*DeWeese* v. *State* (1972), 258 Ind. 520, 282 N.E.2d 828, 31 Ind. Dec. 47, decided some three weeks after LeFlore's direct appeal was decided, fully supports his contention. Furthermore *Vawter* v. *State* (1972), 258 Ind. 168, 279 N.E.2d 805, 807, 29 Ind. Dec. 568, and *Kleinrichert* v. *State* (1973), 260 Ind. 537, 297 N.E.2d 822, 826, 37 Ind. Dec. 204, 209, appear to require us *sua sponte* to order the sentence corrected, even though the error in sentence was neither raised nor noted in the direct appeal to the Supreme Court.

## II.

LeFlore's second contention is that his rights, as articulated in *Miranda* v. *Arizona* (1966), 384 U.S. 436, 82 S. Ct. 1602, 16 L. Ed. 2d 694, were violated when he was not given an

opportunity to sign "Miranda rights" waiver forms until halfway through an eight-hour interrogation. Although this contention might have merit in a different situation, it is frivolous here.

What *Miranda* requires is that the accused be fully apprised of his constitutional rights, prior to the interrogation. *Burton* v. *State* (1973), 260 Ind. 94, 292 N.E.2d 790, 797, 35 Ind. Dec. 275, 282. LeFlore does not contend that he was interrogated without being informed of his rights or that he did not understand his rights. To the contrary, he admits that he was fully advised of his rights upon his apprehension and also halfway through the interrogation. He also states that nothing he said during the interrogation was used against him at trial. This final admission precludes the possibility that he was prejudiced by the interrogation and eliminates the necessity for a further discussion of this issue.

## III.

Appellant's remaining issue concerns a show-up at the scene of his apprehension in which he was identified as one of the men who committed the robbery.

As we have previously noted, the only evidence of that incident in the record of this case is that which we have quoted *ante* from his *pro se* petition for post conviction relief.

On that evidence, LeFlore argues that he was entitled to have counsel present at the confrontation under the rule of *United States* v. *Wade* (1967), 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149, and *Gilbert* v. *California* (1967), 388 U.S. 263, 87 S. Ct. 1951, 18 L. Ed. 2d 1178. However, the Supreme Court of Indiana has said:

" '[T]hat an on-the-scene confrontation between a witness and a suspect conducted within a reasonably short time after the commission of the crime for the purpose of determining whether the witness can identify the suspect is not within the scope of the Wade-

Gilbert rule. Parker v. State (1970), [254] Ind. [593], 261 N.E.2d 562; McPhearson v. State (1970), 253 Ind. 254, 253 N.E.2d 226; Lewis v. State (1969), 252 Ind. 454, 250 N.E.2d 358.' Dillard v. State (1971), [257] Ind. [282], 274 N.E.2d 387, 389." *Martin* v. *State* (1972), 258 Ind. 83, 279 N.E.2d 189, 190, 29 Ind. Dec. 427, 429, 430.

To like effect is *Hardin* v. *State* (1972), 153 Ind. App. 317, 287 N.E.2d 359, 32 Ind. Dec. 579, transfer denied with an opinion expressly agreeing on that issue. *Hardin* v. *State* (1973), 260 Ind. 501, 296 N.E.2d 784, 36 Ind. Dec. 668. See also *Auer* v. *State* (1972), 154 Ind. 164, 289 N.E.2d 321, 33 Ind. Dec. 536, and *Kirby* v. *Illinois* (1972), 406 U.S. 682, 92 S. Ct. 1877, 32 L. Ed. 2d 411.

LeFlore also argues that the confrontation was so unnecessarily suggestive as to deny him due process of law within the rule of *Stovall* v. *Denno* (1967), 388 U.S. 293, 87 S. Ct. 1967, 18 L. Ed. 2d 1199.

The Indiana Supreme Court has held that:

"[T]he *Stovall* test focuses attention on two different sets of facts: (1) The facts bearing on whether the confrontation was conducted in such a fashion as to lead the witness to make a mistaken identification, *e.g.*, how the police asked the witness to attempt the identification, what the witness thought he was doing; the displayed attitude of the police towards the suspect, etc. (2) The facts bearing on how good a chance the witness had to observe the perpetrator of the crime such that any suggestiveness in the conduct of the confrontation could be resisted by the witness and he could make an accurate decision as to whether the man presented was the man who committed the crime. These would include the length of time the witness was in the presence of the perpetrator, the distance of the witness from him, the lighting conditions at the time, capacity for observation by the witness, opportunity to observe particular characteristics of the criminal, etc." *Dillard* v. *State* (1971), 257 Ind. 282, 274 N.E.2d 387, 389, 27 Ind. Dec. 346, 348; *Auer* v. *State* (1972), 154 Ind. App. 164, 289 N.E.2d 321, 327, 33 Ind. Dec. 536, 546.

The factual criteria necessary for an intelligent application of the "*Stovall* test"[4] are not in the record before us.

Appellant's counsel attempts to bolster the meager evidence of the record by quoting in her brief from the evidence in the record of the criminal trial, a transcript which is not in the record here as it was in *Kidwell* v. *State, supra.* But even if we were authorized to take notice of the record in the criminal appeal by reason of its being in the office of the Clerk of the Supreme Court and of this court, nothing would be added except that the robbery victims were vague, confused, and contradictory in their descriptions of the clothing the robbers were wearing and of the clothing petitioner was wearing when they identified him as he sat alone in a police car.

The identification arguments made here and the evidence on which they are based are not significantly different from those considered in *Hardin* v. *State, supra* (153 Ind. App. 317, 287 N.E.2d 359; 260 Ind. 501, 296 N.E.2d 784).

In view of the Supreme Court's endorsement of that conviction based on similar identification, it must be said that the questions these arguments raise are questions of weight of evidence which are for the trial court only.

This cause is remanded to the trial court for a correction of appellant's sentence to an indeterminate term of not less than five nor more than twenty-five years, and when so corrected, the judgment is affirmed.

Remanded for correction and affirmed, as corrected.

Buchanan, P.J., and Sullivan, J., concur.

NOTE.—Reported at 299 N.E.2d 871.

---

4 See: *Auer* v. *State, supra* (289 N.E.2d 321, 33 Ind. Dec. 536); *Martin* v. *State* (1972), 258 Ind. 83, 279 N.E.2d 189, 29 Ind. Dec. 427; *Parker* v. *State* (1970), 254 Ind. 593, 261 N.E.2d 562, 22 Ind. Dec. 515.