Kent L. SKINNER, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 880S336.

Supreme Court of Indiana.

Nov. 5, 1981.

**664**

Robert W. Hammerle, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Rape While Armed with a Deadly Weapon, Ind.Code § 35–42–4–1 (Burns 1979) and sentenced to twenty-five (25) years imprisonment. One issue raised by this direct appeal compels us to reverse and remand the cause for a new trial.

A suggestion of insanity had been filed on Defendant's behalf, and on August 6, 1979, a psychiatrist's report was presented to the trial judge and indicated that the defendant was competent to stand trial. Included in the report, however, were factual statements and conclusions concerning the defendant's social judgments and sexual values.

A bench trial was held on August 20 and 21, 1979, during which conflicting evidence regarding the sexual assault was presented. The defense was that the prosecutrix had consented to the act of sexual intercourse. An insanity defense was never interposed.

The State's evidence in chief and the defendant's evidence was completed on August 20th. The State indicated that it had brief rebuttal evidence, and the defense indicated that it wanted to make an argument. Consequently, the trial was recessed until the following morning.

On the morning of the 21st, the State presented prosecutrix and asked a few brief rebuttal questions. Arguments were then made to the court, and the court proceeded immediately thereafter to announce its finding.

"I ... none of you touched on the idiocy of the conduct involved here, and the irrationality of the conduct as well as the explanation. And it does disturb me, because you see there is a suggestion of insanity here. And I closely read again, after all the evidence was in yesterday evening, the report of the doctors. The report of the doctors does indicate that the defendant is sane, but not a person who has made any effort during his lifetime to control his emotions to try to conform his conduct in such a manner that he will not harm others. Therefore, the finding of this Court that the Defendant is guilty ...."

It is important to note that the judge deliberately went to the psychiatrist's report, after the evidence was essentially completed, for the purpose of supplementing it. It is apparent that he took the extraneous matter into consideration in arriving at his finding.

Trial judges may be privy to much extraneous information, yet as fact-finders they are charged with the difficult duty of conducting impartial proceedings. Impartial verdicts are necessarily confined to evidence properly admitted at trial. Only by such means may a defendant assert his basic rights, essential to a fair trial in a criminal prosecution, to confront his accusers and test their assertions through cross examination. *Pointer v. Texas*, (1965) 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923.

It is a denial of due process for a court to "support its finding on the sufficiency of the evidence of guilt of the accused from matters not received in evidence at trial." *Hardin v. State*, (1973) 260 Ind. 501, 296 N.E.2d 784. The psychiatric report was compiled by court-appointed doctors who conducted an examination and reported conclusions containing varying degrees of subjective analysis. It was prepared for the purpose of determining whether or not the defendant was competent to stand trial. It was no part of the evidence in the case.

We recognize that the trial judge had been previously exposed to the psychiatrists' report, and that he might have been improperly influenced by it despite his ef-

forts to avoid it. However, we credit judges with the ability to lay aside extraneous information and to arrive at verdicts, in bench trials, from the evidence alone and, but for the court's candid acknowledgement, there would be no basis for our ruling. The presumption that the court acted properly, however, cannot stand in the light of its admission that it acted improperly.

The error deprived the defendant of his right to cross examine concerning the content of the report and denied him due process of law guaranteed by the Fourteenth Amendment. *Pointer v. Texas*, (1965) 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. Further, it subjected him to prejudice by reason of prior acts that are not relevant to the issue of his guilt or innocence.

We also recognize that the record is subject to an interpretation that the court considered the report only for its exonerative value, if any, and that the defendant could not have been thereby harmed. The error, however, is of constitutional proportion, and we cannot say that it was harmless, beyond a reasonable doubt.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.

DeBRULER and HUNTER, JJ., concur.

GIVAN, C. J., dissents with opinion in which PIVARNIK, J., concurs.

GIVAN, Chief Justice, dissenting.

I respectfully dissent from the majority opinion in this case. I do not interpret Judge Tolen's remarks quoted on the second page of the majority opinion as indicating that he considered the psychiatrist's report as evidence of guilt of the defendant.

I interpret Judge Tolen's remarks as indicating a dissatisfaction with the manner in which the case was defended, and that he entertained some doubt as to whether or not the defendant should not have been defended on the basis of insanity at the time of the commission of the offense.

I think his statement, "Therefore, the finding of this Court that the Defendant is guilty ...." refers back to the finding of the doctors that the defendant was sane, not to the later statements that the doctors found the defendant to be a person who did not control his emotions or conform his conduct.

I do not interpret Judge Tolen's remarks as indicating he used the statement of the doctors in any way to find the guilt or innocence of the defendant. The indication to me is, he only used the doctor's report to allay his fears that the defendant may have been insane at the time of the commission of the offense.

I would not reverse the trial court for the reason stated by the majority.

PIVARNIK, J., concurs.