Daryl **SCHULTZ** and/or Daryl Schultz as Shareholder of Schultz Manufacturing and Fabricating, Co., Inc., Appellant–Plaintiff,

v.

**BLANEY & CASEY; Lowe Gray Steele & Hoffman; and Blaney Nesbitt Casey & Walton, Appellees–Defendants.**

No. 37A03–9206–CV–181.

Court of Appeals of Indiana, Third District.

Dec. 14, 1992.

Daryl Schultz, pro se.

S. Douglas Trolson, Susan P. Stuart, Lowe Gray Steele & Hoffman, Indianapolis, for Appellee Lowe Gray Steele & Hoffman.

HOFFMAN, Judge.

On August 5, 1992, Schultz timely tendered the record in the present action. However, Schultz did not tender the $250.00 filing fee applicable to appeals other than those prosecuted as a pauper or those on behalf of a governmental unit. *See* Ind.Appellate Rule 3(A). Because the filing fee has never been tendered to the Clerk of the Court, on September 4, 1992 appellee Lowe Gray Steele & Hoffman

(Lowe) filed its Motion to Dismiss or Summarily Affirm.

Based upon the case history in this cause, Schultz tendered the record absent the filing fee on August 5, 1992. Schultz then tendered the Brief of Appellant on August 7, 1992. Neither the record nor the brief was file stamped by the Clerk of the Court because the filing fee was not tendered. On August 11, 1992, Schultz filed a "Verified Motion/Petition for Leave to Proceed In Forma Pauperis."

Pursuant to a Petition for Extension of Time filed by appellee Blaney & Casey (Blaney) on August 24, 1992, this Court granted an extension of time to file the Brief of Appellee to November 9, 1992. Also on August 24, Schultz' motion for leave to proceed as a pauper was denied.

On September 4, 1992 and November 6, 1992 respectively, Lowe and Blaney filed petitions for extension of time to file their Briefs of Appellee together with the above-referenced Motion to Dismiss or Summarily Affirm. The latter motion alleged *inter alia* that the Clerk of the Court had not received the filing fee, that the record could not be deemed filed until the date the filing fee is tendered, and that a record could not be "checked out" for purposes of preparing the appellees' briefs until the record is filed. Noting that the time period for filing the record had since expired without any attempt to tender the fee or to request an extension to file the record, appellees requested dismissal of the appeal or summary affirmation of the trial court's judgment.

Relying upon *Peters v. Poor Sisters of Saint Francis Seraph of Perpetual Adoration, Inc.* (1971), 257 Ind. 360, 274 N.E.2d 530, our Supreme Court in *Brady v. Eastern Indiana Production Credit Association* (1978), Ind., 396 N.E.2d 335, determined that "untimely payment and receipt of the filing fee should not be grounds for automatic dismissal where the record is timely filed. . . ." The Supreme Court's order does not contain the facts which were set out in the vacated opinion rendered by the Court of Appeals. Those facts disclose that appellant tendered the record one day prior to the expiration of the time period. Appellant inadvertently failed to enclose the filing fee. Two days later, an employee of the Clerk of the Court notified appellant that the filing fee had not been tendered. Appellant then mailed the filing fee and the Clerk filed the record one day after the expiration of the time period.

Here, Schultz has not tendered or attempted to tender the filing fee as of the date of this opinion. Unlike the situations in *Peters* or *Brady*, Schultz has delayed unreasonably in tendering the fee requiring dismissal of the action. Most notably, Schultz' delay has prejudiced appellees. Determining the time period for filing the Briefs of Appellee and preparation of the briefs has been thwarted by Schultz' failure to tender the filing fee. Appellees have already expended time and effort to prepare petitions for extension of time because of the uncertainty as to the commencement of the time periods for filing their briefs. Appellees should not bear the burden of preparing petitions to preserve their appellate rights where Schultz has failed to comply with the appellate rules, even after a lengthy grace period.

Therefore, appellees' request for dismissal of the action should be and hereby is granted.

Dismissed.

STATON and GARRARD, JJ., concur.