## Darrell Robert Hancock *v.* State of Indiana.

[No. 1269S284. Filed August 3, 1971. Rehearing denied
September 29, 1971.]

*William C. Erbecker, Herbert W. Johnson, Jr.,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *R. Michael Bruney,* Deputy Attorney General, for appellee.

DeBruler, J.—Appellant was charged by indictment with first degree arson. He was convicted in a trial without jury in the Marion County Criminal Court, No. 2, and was sentenced to two to fourteen years in prison.

Appellant's first allegation of error is that there was insufficient evidence to sustain the trial court finding. In reviewing the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the finding of the trial court. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558.

Appellant was charged with first degree arson in violation of I.C. 1971, 35-16-1-1, being Burns § 10-301. Under this indictment the elements required to be proved by the appellee were: (1) The appellant (2) wilfully set fire (3) to a dwelling house. Appellant does not argue that the evidence was insufficient to show the wilful burning of a dwelling house, but only that the evidence was insufficient to show that he did it.

Charles Hill, Chief Investigator for the Indiana State Fire Marshal's Office testified that he investigated two fires at the home of Robert Harland Graves at 151 S. Girls School Road in late May of 1967. The first fire occurred on May 29, and destroyed the interior furnishings of the house, which consisted solely in a piano, a dinette set and living room furniture. On May 31, a second fire occurred which destroyed the house. Both fires were definitely wilfully set by the use of gasoline. Hill also testified that he talked to appellant at the State Farm after the fire and appellant told him he had a receipt for a bedroom suit that he had bought from Robert Harland Graves for $100.00, paying $10.00 down.

Robert Harland Graves testified that he and his wife and family lived at 151 S. Girls School Road in May of 1967, and were buying the house on contract from a third party. Graves testified that approximately four weeks before the fire he had

talked to one Jimmy Williams about burning down Graves' house to get the insurance money. Williams told Graves he would get the appellant, Darrell Hancock, to do the job. Two weeks before the fire appellant went to Graves' house and the two of them looked over the house and discussed the best method of setting fire to it. The appellant asked about the type of furnace in the house. As to the method Hancock was to use Graves testified as follows:

"A.  He said, it'd be either two ways. He said, it'd be either with candles, if it was gas, or either small containers of gas."

According to Graves appellant's payment for the job was to be the bedroom suite in Graves' house, consisting in mattress, box springs, dresser, mirror and headboard. Graves admitted appellant had a receipt which showed that appellant had paid $100.00 for the suite but Graves said appellant never paid anything for the suite, that appellant just wanted a receipt for it. Graves said appellant asked for and obtained the receipt before the fire and while the bedroom furniture was still at Graves' house. When the fire occurred the Graves were in West Virginia on a holiday over Memorial Day. Graves testified that the bedroom suite was in the house when they left for West Virginia.

Sandra Graves, wife of Robert Harland Graves, testified that they left for West Virginia on a Memorial Day holiday on Friday evening, and the bedroom furniture was in their house at that time. We note that in 1967, the 29th of May was a Monday and the previous Friday was therefore May 26.

Appellant testified that he went to Graves house twice before the fire but he denied setting the fire. Appellant admitted that he had heard it was to be burned from Jimmy Williams. Appellant also testified that he obtained the bedroom suite from Graves for $100.00 and took the furniture with him when he paid him. Appellant did not specify the date when that occurred.

We hold that the above evidence was sufficient to sustain the trial court finding that appellant set the fire. It shows that Graves told Jimmy Williams he wanted his house burned down and Williams said he would get appellant to do it. Appellant admitted he had talked to that same Jimmy Williams about the fact that Graves' house was going to be burned. Then two weeks before the fire appellant visited Graves' house and looked it over to determine the best way to burn it. Appellant agreed to burn the house for Graves and appellant mentioned two different methods he might use. The fire was in fact started by one of the methods mentioned by appellant.

. Appellant agreed to burn Graves' house in return for Graves' bedroom suite. Graves did not receive any money for the bedroom suite but gave appellant a receipt, at appellant's insistence, purporting to show that appellant had paid $100.00 for the furniture. This receipt was given to appellant before the fire and while the furniture was still in Graves' house. The bedroom suite was still in Graves' house when they left for West Virginia the night of May 26. Appellant obtained the suite from Graves' house while they were on vacation and before the fire, thus placing appellant on the premises sometime during the 27th to the 29th of May, or within two days of the fire. We believe this evidence was sufficient to sustain the trial court finding that appellant wilfully set fire to Graves' house.

Appellant's second contention is that the trial court erred in overruling appellant's motion for a finding made at the close of the State's evidence. We do not reach this error because after the trial court ruling appellant proceeded to introduce evidence on his behalf, thereby waiving any error in overruling his motion. *Warren v. State* (1963), 243 Ind. 508, 188 N. E. 2d 108.

Judgment affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 271 N. E. 2d 731.