CLEOTHA DAVIS, JR. *v.* STATE OF INDIANA.

[No. 971S270. Filed May 30, 1972.]

John D. Breclaw, of Highland, for appellant.

Theodore L. Sendak, Attorney General, Mark Peden, Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged in a two count affidavit with the crimes of kidnapping and rape. Trial by court resulted in a finding of guilty on both counts. Appellant was sentenced to the Indiana State Prison for the remainder of his natural life on the charge of kidnapping and for a term of two to twenty-one years on the charge of rape.

The record discloses the following:

Jean Foreman testified that on December 14, 1968, she was in Hammond, Indiana, with her boyfriend, Richard Warchol. While they were seated in Mr. Warchol's automobile, a person she later identified as the appellant, opened the door on the passenger side and asked what was going on. A second man approached the car and ordered her to get out and open the trunk, which she did. The two men then forced Mr. Warchol into the trunk and closed the lid. They then placed Miss Foreman between them in the front seat. With the appellant driving, they drove around for awhile. After a period of driving around, appellant's companion forced Miss Foreman into the back seat of the car and raped her. Then the two men changed places, and the appellant raped Miss Foreman while his companion drove the car. Miss Foreman saw the headlights of

an approaching automobile and yelled for help, at which time the appellant struck her. The approaching automobile was a police patrol car. The officer responded to Miss Foreman's call for help. Both appellant and his companion escaped on foot. Miss Foreman first identified a photograph of the appellant at the police station and later identified him at the police station without the benefit of a lineup.

Appellant first contends the confrontation at the Hammond, Indiana, police station was without a waiver and without his attorney being present and, therefore, was in violation of the Sixth Amendment to the United States Constitution under the doctrines of *United States* v. *Wade* (1967), 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149; *Gilbert* v. *California* (1967), 388 U. S. 263, 87 S. Ct. 1951, 18 L. Ed. 2d 1178 and *Stovall* v. *Denno* (1967), 388 U. S. 293, 87 S. Ct. 1967, 18 L. Ed. 2d 1199. However, in the case at bar both Mr. Warchol and Miss Foreman were present at the pre-trial identification. Both made in-court identification of the appellant. No objections were made at the trial by appellant or his counsel to the in-court identification. This Court has previously held that in this type of situation it must be shown that the appellant took the available procedural steps to protect himself from an in-court identification which was possibly tainted by an improper pre-trial identification. *Johnson* v. *State* (1972), 257 Ind. 682, 278 N. E. 2d 577, 29 Ind. Dec. 308. In view of the fact that appellant made no timely objection to preserve any possible error in the admission of the in-court identification, he cannot be heard to complain for the first time in his motion to correct errors. *New* v. *State* (1970), 254 Ind. 307, 259 N. E. 2d 696, 21 Ind. Dec. 720.

Appellant next claims the state failed to prove that the kidnapping occurred in the State of Indiana. With this we do not agree. Appellant cites the testimony of the complaining witnesses which tends to show some confusion as to the exact location of the commission of the crime.

However, we must take the evidence most favorable to the state together with all reasonable inferences to be drawn therefrom. *Coleman* v. *State* (1971), 257 Ind. 541, 275 N. E. 2d 786, 28 Ind. Dec. 37. An examination of this record discloses positive statements by Miss Foreman and Mr. Warchol that they were in Hammond, Indiana, at the time the alleged offense occurred. Thus, the evidence most favorable to the state is sufficient to support the finding that the alleged crime in fact occurred in Indiana.

Appellant next contends the state failed to establish that appellant had carnal knowledge of Miss Foreman. With this we do not agree. It is appellant's contention that Miss Foreman's statement, "He (appellant) then raped me." is merely a conclusion on her part, and that there is a failure to explain her understanding of the terminology used. This record discloses Miss Foreman was a woman twenty-three years of age. She testified in detail as to the force used against her, including the removal of her clothing, and in addition to stating that she was raped, responded to the following questions:

"Q. Did he also have sexual intercourse with you?
 A. Yes, sir.
 Q. Did his penis also penetrate?
 A. Yes, sir."

From the foregoing testimony it becomes quite obvious that Miss Foreman's testimony was sufficient to support the finding that rape had actually occurred. *Weaver* v. *State* (1963), 243 Ind. 560, 187 N. E. 2d 485, 1 Ind. Dec. 56.

The trial court is affirmed.

Arterburn, C. J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 282 N. E. 2d 805.