WOODROW SNYDER *v.* STATE OF INDIANA.

[No. 676S196. Filed March 31, 1978.]

*Richard G. Striegel,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *J. Roland Duvall,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted in a trial by jury, on two counts of kidnapping [Ind. Code § 35-1-55-1 (Burns 1975)], and two counts of committing a felony (sodomy and robbery) while armed [Ind. Code § 35-12-1-1 (Burns 1975)]. He was sentenced to two concurrent terms of life imprisonment upon the kidnapping counts, to imprisonment for a term of ten (10) years upon the armed felony (robbery) count and to imprisonment for a term of twenty (20) years upon the armed felony (sodomy) count. The sentences upon the armed felony counts were set to be served consecutively to the kidnapping sentences.

This direct appeal presents two issues:

(1) Whether the verdicts are sustained by the evidence.

(2) Whether the sentences upon the armed felony convictions could be made to run consecutively to the sentences upon the kidnapping counts.

## ISSUE I

The defendant assigns error of the trial court in both overruling the motion for a directed verdict at the close of the State's case and overruling the same motion at the end of all of the evidence. His introduction of evidence waived error, if any, which may have been committed in the overruling of the motion at the close of the State's case. *Hancock* v. *State*, (1971) 256 Ind. 697, 271 N.E.2d 731; *Warren* v. *State*, (1963) 243 Ind. 508, 188 N.E. 2d 108; *Sypniewski* v. *State*, (1977) 267 Ind. 224, 368 N.E.2d 1359.

The defendant's insufficiency argument is limited to challenging the credibility of the identification testimony by the victims of the crimes and another witness who had been a victim of a very similar crime committed in the same locality a short time later.

The victims, while parked at night in a secluded spot in their automobile were abducted by two masked men. One of the bandits wore a ski mask, and the other wore a stocking mask which prevented the victims' having a full undistorted view of either. They were held and abused for more than two hours, during which time the bandits conversed with the victims and with each other and were observed and heard by the victims.

The victims, at trial, identified the defendant as one of their abductors. They acknowledged, however, that several months earlier they had expressed a serious doubt that they would be able to identify the defendants but that subsequently they had identified him in a lineup. At trial, each victim said that while they could not relate their identifications to any par-

ticular characteristic of either the defendant's physical appearance or his voice, they were, nevertheless, able to identify him from his general build and appearance and the sound of his voice. Another witness, who had been the victim of a very similar crime in the same locality approximately three weeks later, also identified the defendant as one of his abductors. He, too, acknowledged similar difficulty with the identification and made his upon the basis of the general appearance and sound of the voice.

Admittedly, the identification of the defendant from the above related testimony leaves much to be desired. However, the credibility and the weight to be given to their testimony were matters for the trier of fact to determine and are not to be re-judged on appeal. *Robinson* v. *State*, (1977) 266 Ind. 604, 365 N.E.2d 1218.

Contrary to Defendant's claim, the verdict need not rest alone upon the aforementioned identification testimony. The defendant's accomplice also testified. He acknowledged his part in the crimes and testified that he had plea bargained with the State and been sentenced. In his prior confession, he had stated that the defendant was his accomplice. From the witness stand, however, he said that he had been lying about the defendant being his accomplice in the crimes in order to gain favorable consideration for himself. He further testified that he did not remember who his accomplice was but that it was not the defendant. The witness' out-of-court statement was admitted without objection or limiting instruction and was entitled to be considered as substantive evidence. Although contradictory to his testimony, the jury could believe his plea bargain version and reject his in-court version.

We hold that the evidence adduced at the trial was sufficient to sustain the guilty verdicts. On review, this Court will look only to that evidence most favorable to the State and all reasonable inferences to be drawn therefrom, and if a reasonable trier of fact could

have found the existence of each element of the crime charged beyond a reasonable doubt, the verdict will not be disturbed. *Baum* v. *State,* (1976) 264 Ind. 421, 345 N.E.2d 831.

## ISSUE II

The defendant's assignment that the trial court erred in providing for consecutive sentences does not question the correctness of the provision *per se* but asserts that the trial judge abused his discretion in exercising his prerogative in this regard. He has cited no authority for this position and acknowledges that none exists. He has suggested no standards but simply states that the evidence of guilt was scant and that for this reason alone, it was an abuse for the trial judge to exercise his discretion as he did.

The guilt of the defendant was determined by the jury. At sentencing, the judge was certainly justified in presuming that he was sentencing a guilty man and not, as suggested by counsel, one whose guilt was questionable. The defendant had two prior convictions for burglary to his credit. The crimes with which we are here concerned were deliberate, calculated, heinous, and despicable. Evidence not herein before recited disclosed that the defendant and his companion, after robbing the victims, locked them in the trunk compartment of their automobile and drove around for an hour or so. They then stopped, took the female victim from the trunk into the front seat compartment and coerced her to submit to fellatio. Following that abuse they drove around for another hour or some such time, until they ran out of gasoline. They abandoned the vehicle, with the male victim still locked in the trunk. We see no merit to the defendant's argument upon this issue.

We find no error, and the judgment of the trial court is affirmed.

Givan, C.J. and DeBruler, Hunter and Pivarnik, JJ. concur.

NOTE.—Reported at 373 N.E.2d 1101.