ANTHONY JONES *v.* STATE OF INDIANA

[No. 2-1177A438. Filed September 26, 1978.]

*Patrick E. Chavis, III,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Michael Gene Worden,* Deputy Attorney General, for appellee.

YOUNG, J.— Appellant-defendant Anthony Jones, appeals his conviction by court of the crime of armed robbery contending that the court's decision was not supported by sufficient evidence and was contrary to law. We affirm.

Jones was convicted of the crime of Commission of a Felony While Armed to-wit: robbery contrary to IC 35-12-1-1, which reads in part as follows:

"Any person who being over the age of sixteen (16) years of age commits or attempts to commit any felony while armed with any

dangerous or deadly weapon, or while any other person is present and aiding or assisting in committing or attempting to commit a felony is armed with any dangerous or deadly weapon shall be guilty of a separate felony." IC 35-12-1-1.

The elements of this crime which must be established are that the defendant 1) is over the age of sixteen (16), 2) he commits or attempts to commit a felony, 3) while armed with a dangerous or deadly weapon.

The testimony of Detective Hoke to the effect that the appellant-defendant stated as his date of birth March 27, 1958, is sufficient evidence to allow the trial court to conclude that the defendant was over 16 at the time of the commission of the offense.

The elements of robbery, the felony involved here, are "1) unlawful taking; 2) from the person of another; 3) of any article of value; 4) by violence or putting in fear." *Mickens v. State* (1972), 155 Ind.App. 47, 290 N.E.2d 758 at 761; *see also Jackson v. State* (1971), 257 Ind. 477, 275 N.E.2d 538; *Jones v. State* (1970), 255 Ind. 57, 262 N.E.2d 538.

The evidence most favorable to the State shows the following:

On the evening of July 26th, 1976, between 10:00 and 11:00 p.m. Robert Rowe, Jeffrey Lantz, Michael Moran and Chris Moran were in the area of the 4400 block of North Audubon, in the City of Indianapolis, Marion County, Indiana, examining Lantz' car when a car belonging to Jones, a green Electra 225, pulled up and stopped across the street. Jones was driving his automobile with a Steven Brewer in the front seat and a Lamont Martin seated in the back. Brewer stepped out of the automobile brandishing a handgun and ordered Rowe, Lantz, Mike Moran and Chris Moran to stand against Lantz' car. Brewer then proceeded to rob, at gunpoint, the four people with the assistance of Martin who helped him frisk the victims for valuables. Six or seven dollars was found on Lantz and taken by Brewer and Martin.

All the while, Jones remained in his car with the motor running and watching these activities. One witness described appellant-defendant Jones as "grinning." The robbery completed Martin and Brewer reentered the Jones' automobile and Jones drove it off at a high rate

of speed with his car lights out. The victims of the crime immediately followed Jones in Lantz' car but did not stop it knowing that Brewer was armed. The robbery was reported to the Indianapolis Police Department and a description of the car given by the victims together with a partial identification of the license plate number.

The evidence clearly supports the conclusion Brewer robbed Lantz of six or seven dollars in U.S. currency while armed with a deadly weapon and by putting him in fear.

The appellant-defendant's contention that he did not participate in the robbery and that he was in no way involved with the crime is without merit. I.C. 35-1-29-1 reads as follows:

> "Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command or otherwise procure a felony to be committed, may be charged by indictment or information, and tried and convicted in the same manner as if he were a principal either before or after the principal offender is charged, indicted or convicted; and upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal."

This statute covers all felonies in Indiana and this defendant can be held responsible if he either perpetrated the crime or aided, abetted or encouraged its commission. *Cline v. State* (1969), 253 Ind. 264, 267, 252 N.E.2d 793 at 795. Jones drove Brewer and Martin to the scene, watched the robbery take place while seated in the driver's seat of his car with the engine running and upon completion of the robbery, drove them off at a high rate of speed with his lights out. This evidence is sufficient to show he aided, abetted and encouraged the commission of the crime by Brewer and Martin and thus became a principal perpetrator of the offense by virtue of the above statute. The evidence is circumstantial in nature against this appellant-defendant but such evidence together with the reasonable inference that may be drawn therefrom is sufficient to sustain a conviction. "A conviction may be sustained upon circumstantial evidence alone as long as the evidence is of such probative value that a reasonable inference of guilt may be drawn therefrom." *Zarnick v. State* (1977), 172 Ind.App. 593, 361 N.E.2d 202 at 207.

Jones contends that his mere presence at the scene was not sufficient to sustain his conviction. That fact alone would probably not be sufficient to make him guilty. However, there was more involved than "mere presence" in this instance. Not only was Jones at the scene of the crime but it was his companion who robbed Lantz, and Jones himself who drove the getaway car at a high rate of speed and with the lights out away from the scene. The fact that he was described as "grinning" during the occurrence indicates an expression by him of approval of the activities of Brewer and Martin. It might reasonably be inferred from that expression that he encouraged the activities of his companions. It was Jones who, rather than leaving the scene when he saw the robbery taking place, effectuated their escape.

The testimony of Lamont Martin regarding these events which Jones contends should aid in his acquittal may well not have been believed by the court. Credibility of witnesses is within the exclusive province of the trier of fact, *Heflin v. State* (1977), 267 Ind. 427, 370 N.E.2d 895, and will not be reweighed by this court.

Jones also attempts to support his argument that he did not participate in the robbery by testimony showing that after the incident he approached the victim of the crime in order to make amends. The trier of fact might well have concluded that such activities were an attempt to persuade the victim not to press charges against Jones rather than supporting the appellant-defendant's contention. Again, it is for the trier of fact to determine the weight of such evidence and the credibility of witnesses not this court. *Snyder v. State* (1978), 268 Ind. 122, 373 N.E.2d 1101.

Lybrook, P.J., concurs (sitting by designation).

Robertson, J., concurs (sitting by designation).

NOTE — Reported at 380 N.E.2d 604.