Leon CORNES, Sr., Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 4–783A213.

Court of Appeals of Indiana, Fourth District.

Aug. 20, 1984.

**426**

James W. Boswell, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Leon Cornes was convicted after a jury trial of theft, a Class D felony under IND. CODE 35–43–4–2 (1982), and contributing to the delinquency of a minor, a Class A misdemeanor under IND.CODE 35–46–1–8 (1982). On appeal he contends that the evidence was insufficient to support his convictions.[1]

In deciding whether the evidence was sufficient to support the appellant's convictions, we will consider only the evi-

dence most favorable to the state, and we will affirm if there is substantial evidence on each element from which the jury might reasonably infer guilt beyond a reasonable doubt. *Harris v. State*, (1981) Ind., 425 N.E.2d 112. The theft statute under which Cornes was convicted provides that "A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony." IC 35–43–4–2. Appellant's conviction was also based upon IC 35–41–2–4, which in part provides that "A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense . . . ."

The evidence before the jury disclosed that, on January 14, 1982, Cornes was in an apartment with several other people, including D.D. At that time, D.D. was fifteen years old. After some conversation with Cornes, D.D. said, "Let's go and get some coats." Cornes told D.D. he would take him. The two got into a station wagon, and Cornes drove to Azar's Army Surplus Store. Cornes let D.D. out behind the store, with an agreement to meet him in an alley behind a nearby grocery store. Entering the surplus store, D.D. put on one coat and picked up another, then fled without paying for them. He found Cornes waiting in the arranged place, with his car's engine running. D.D. jumped in and told Cornes to hurry because he thought he was being pursued. Cornes drove a short distance, then D.D. jumped out of the car and fled on foot, taking the stolen coats with him.

Cornes argues this evidence was insufficient to support his theft conviction because there was no showing that he knew D.D. intended to steal the coats. We disagree. Cornes's actions in dropping D.D. off behind the surplus store and hiding in a nearby alley with his car running

---

1. Cornes also argues the trial court erred in denying his motion for a directed verdict. We need not discuss this issue separately, however, as our decision on the sufficiency issue is dispositive of both issues.

to wait for D.D. show Cornes knew D.D. intended to steal the coats. Thus, by driving D.D. to and from the store, Cornes knowingly and intentionally aided him in committing theft. This was sufficient to support Cornes's theft conviction. *See Jones v. State*, (1978) 177 Ind.App. 584, 380 N.E.2d 604 (evidence that defendant waited in a car with the engine running while friends committed robbery and transported them from the scene sufficient to convict defendant of robbery).

■ Cornes also challenges the sufficiency of the evidence to prove he contributed to the delinquency of a minor. That offense is defined as follows:

A person eighteen (18) years of age or older who knowingly, or intentionally encourages, aids, induces, or causes a person under eighteen (18) years of age to commit an act of delinquency as defined by IC 31–6–4–1 commits contributing to delinquency, a Class A misdemeanor.

IC 35–46–1–8 (1982). Cornes does not dispute that D.D.'s theft of the coats was an act of delinquency under IC 31–6–4–1. Rather, he claims there is no evidence to show he knowingly committed this offense, absent proof that he knew D.D. intended to commit theft and that he knew D.D. was under eighteen.

As we have already noted, there was sufficient evidence to prove Cornes knew D.D. planned to commit theft and thus knowingly aided him in doing so. As for the contention that Cornes did not know D.D. was under eighteen, we note that D.D. was in fact fifteen at the time of the offense. One person who witnessed the theft testified D.D. appeared to be fifteen or sixteen. Finally, since D.D. testified at trial, the jury was entitled to consider his physical appearance in deciding whether Cornes knew he was under eighteen. Such evidence has been held sufficient to prove a defendant knew the person involved was under eighteen. *Davidson v. State*, (1968) 249 Ind. 419, 233 N.E.2d 173. The evidence was sufficient to support Cornes's conviction for contributing to the delinquency of a minor.

■ Finally, although Cornes does not raise the issue, we find fundamental error in the court's decision to enter judgment and sentence Cornes on both the theft and contributing to delinquency counts. Our supreme court has repeatedly found fundamental error where two offenses for which the defendant was sentenced are identical or constitute a greater and lesser included offense. *Pinkler v. State*, (1977) 266 Ind. 467, 364 N.E.2d 126; *Swininger v. State*, (1976) 265 Ind. 136, 352 N.E.2d 473. These cases rest on the premise that such a double conviction for what is essentially one crime subjects the defendant to double jeopardy. *McFarland v. State*, (1979) 179 Ind.App. 143, 384 N.E.2d 1104. In cases such as this, where one act or transaction constitutes a violation of two statutory provisions, the crucial question "is whether each provision requires proof of an additional fact which the other does not." *Elmore v. State*, (1978) 269 Ind. 532, 534, 382 N.E.2d 893, 895 (quoting *Blockburger v. United States*, (1932) 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306); *McFarland v. State, supra*.

■ Applying this test here, we find that the theft provisions under which Cornes was sentenced did not require the proof of any factual element beyond those required to establish contributing to delinquency. The elements of theft as the state proved it in this case were that Cornes (1) knowingly or intentionally (2) aided D.D. (3) in the commission of theft. The contributing to delinquency count required proof of all these factual elements, as well as proof that Cornes knew D.D. was under eighteen. Thus, for purposes of double jeopardy, the two offenses of which Cornes was convicted are essentially the same. We accordingly hold the trial court committed fundamental error in sentencing Cornes both for theft and for contributing to delinquency.

This cause is remanded to the trial court with instructions to vacate appellant's conviction for contributing to the delinquency of a minor. In all other respects, the trial court's judgment is affirmed.

MILLER, P.J., concurs.

CONOVER, J., concurs.