**Lester FRENCH, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 33S00–8810–PC–890.**

Supreme Court of Indiana.

Dec. 18, 1989.

Susan K. Carpenter, Public Defender, Hilary Reeve, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

In 1975, a jury trial resulted in the conviction of appellant of First Degree Murder; Kidnapping; Commission of a Crime

While Armed with a Deadly Weapon, Robbery; Commission of a Crime While Armed with a Deadly Weapon, Rape; and Carrying a Handgun Without a License. Appellant was originally sentenced to death by electrocution on the murder charge, to life imprisonment for kidnapping, and to fifteen (15) years each on the charges of robbery and rape, to be served consecutively.

On appellant's direct appeal from his conviction, *French v. State* (1977), 266 Ind. 276, 362 N.E.2d 834, this Court ordered the death penalty expunged and appellant resentenced to life imprisonment. The Court found such change to be necessary due to a decision by the Supreme Court of the United States that statutes such as the death penalty statute in Indiana at that time were unconstitutional. Because of that decision, several inmates on death row received similar changes in their sentences. Appellant's convictions were affirmed on his direct appeal.

In 1979, appellant filed a motion to correct erroneous sentence, which was withdrawn and in 1982 was refiled. This resulted in the trial court vacating his life sentence for kidnapping. In 1983, appellant filed a petition for writ of *habeas corpus* in federal court. However, this was dismissed for the reason that he had not exhausted his state remedies.

The petition for post-conviction relief, which is now the subject of this appeal, was filed in September of 1985. Following a hearing on that petition, Judge Kellam rendered detailed findings of fact and conclusions of law to support his decision denying appellant's post-conviction relief. Judge Kellam's findings of fact and conclusions of law are a model of detail and accuracy as to the facts of this case and the law applicable thereto.

■ Appellant claims he was denied his constitutional rights during his original trial when the court instructed the jury in its Final Instruction 30:

"In the charge of murder in the second degree and voluntary manslaughter included in the indictment, the law requires, as an element of guilt, proof of an intent to kill. This intent may be shown by circumstances or by direct evidence. The law presumes that every sane man contemplates and intends the natural and ordinary consequences of his own voluntary acts, unless the contrary appears from the evidence, and if a man is shown by the evidence, beyond a reasonable doubt, to have killed another by an act, the natural and ordinary consequences of which would be to produce death, then it will be presumed that the death of the deceased was intended by the slayer, unless the facts and circumstances of the killing or the evidence creates a reasonable doubt whether the killing was done purposely."

This instruction was not challenged during the hearing on the post-conviction relief petition and is challenged for the first time on this appeal. However, he couples this challenge with his challenge to the court's Final Instruction No. 38, which was challenged in the court below. He takes the position that each of these instructions violates *Sandstrom v. Montana* (1979), 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39. Appellant concedes that the instructions were not objected to at trial; he takes the position, however, that they constitute fundamental error. He contends that the instructions tell the jury they may presume intent on the part of appellant without the need to examine the evidence as to intent.

Appellant also concedes that *Sandstrom* was not decided until two years after this Court handed down the opinion on his direct appeal; thus the issue was neither raised nor considered at that time. The State takes the position that *Sandstrom* should not be applied retroactively to appellant's case, citing *Griffith v. Kentucky* (1987), 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649. Although the State is correct in this observation, it also observes that neither of the complained of instructions suffers from the same defect found in *Sandstrom*.

In *Sandstrom*, the language in the instruction upon which the Court based its opinion was, "The law presumes that a person intends the ordinary consequences

of his voluntary acts." Although similar language is used in the instructions which appellant now challenges, that similar language is qualified by other language in the instructions so, when taken as a whole, it becomes clear that the instructions do not raise a conclusive presumption of guilt but rather, instruct the jury on a permissive inference as to how the evidence may be considered.

In the case at bar, in addition to the difference in the language contained in the now-challenged instructions, we also see that the trial court gave thorough and correct instructions concerning the burden of proof on all material issues, clearly stating that it was the State's obligation to prove each of the elements by evidence beyond a reasonable doubt. Even if we accept appellant's claim that we should consider this issue under the principles of fundamental error, we come to the conclusion that even had this issue been timely raised, it would have been to no avail. Neither the specific instructions nor the instructions taken as a whole violate the tenet set forth in *Sandstrom*.

■ Appellant claims he was improperly sentenced to two fifteen (15) year sentences consecutive to a life sentence. He takes the position that the various crimes which he committed were committed at different times; thus under Ind.Code § 35-12-1-1 the court did not have the authority to order that the sentences be served consecutively.

He cites *Coleman v. State* (1975), 264 Ind. 64, 339 N.E.2d 51 in which this Court held that a kidnapping and battery occurred after the act of armed robbery had been completed, and although they were all a part of a continuing action, they were not susceptible to consecutive sentencing. However, in *Coleman*, there was a completed armed robbery of a liquor store, and twenty minutes later there was a shootout with police elsewhere, after which the defendant entered a family residence and a kidnapping thereafter occurred. A similar situation prevailed in *Bruce v. State* (1978), 268 Ind. 180, 375 N.E.2d 1042, also cited by appellant. However, these two cases are distinguishable from the case at bar.

Here, appellant and his companion were in the process of an armed robbery when the victim's granddaughter walked into the store and was taken as a hostage by appellant and his companion. In a short period of time, they raped her, sodomized her, bludgeoned her with a wrench, and held her head under water until she was dead.

The facts in this case were nearly parallel to the facts in *Snyder v. State* (1978), 268 Ind. 122, 373 N.E.2d 1101. In that case, consecutive sentences were upheld by this Court where the facts showed that after robbing the victims, the defendant and his companion locked the victims in their truck, drove around for an hour or so, then committed sexual acts with the female victim then drove around another hour before abandoning the car and the victims.

A similar situation prevailed in *Adams v. State* (1979), 270 Ind. 406, 386 N.E.2d 657 wherein the defendant entered the victim's home at night, struck the victim, threatened to kill her and her son, forced her to give him money, and then raped her. Here again the Court held that consecutive sentences were proper under the statute. The post-conviction court properly held that the original trial court did not err in pronouncing consecutive sentences.

■ Appellant contends this Court erred in the original appeal, when after vacating the death sentence the Court remanded the case to the trial court for the imposition of a life sentence. Appellant takes the position that he should not have been automatically resentenced to life imprisonment. He points out that the Supreme Court voided only subsection (b) of Ind.Code § 35-13-4-1 and that subsection (a) which provided for a life sentence for murder either purposeful or with premeditated malice or while perpetrating or attempting rape, arson, robbery, or burglary, remained in effect. He claims that he had not been charged or convicted of murder in the commission of any of the offenses listed in subsection (a). He claims this Court could not amend subsection (a) to include kidnap-

ping and that to sentence him to life imprisonment was thus unauthorized.

In this case, appellant was convicted of first degree murder while in the commission of a crime. The statute provides for possible life imprisonment upon a conviction of first degree murder. The statute specifically provides for the severability of the death penalty and the life sentence clause in the statute. In the original appeal, this Court held that the statute was severable and that only the death penalty clause had been declared invalid by the Supreme Court of the United States.

Although appellant's death sentence was vacated, his conviction was in no way vacated, he stood convicted of murder in the first degree for which life imprisonment was clearly provided. No error was committed in reducing appellant's sentence from death to life imprisonment.

■ Appellant claims his constitutional rights were violated in his original trial when his prior conviction for rape was erroneously admitted in evidence. Appellant concedes that this matter was handled by this Court in the original appeal. He claims he should now receive relief because the Court decided the question on the basis that it had been waived because counsel had not objected and further that appellant had corroborated the testimony himself when he testified after his confederate in the commission of the crime had testified.

This matter was fully handled in the prior appeal and as the post-conviction judge noted, is *res judicata* in the case and thus not subject to consideration for post-conviction relief. *Beavers v. State* (1987), Ind., 512 N.E.2d 1106; *Cambridge v. State* (1984), Ind., 468 N.E.2d 1047.

Appellant contends the trial court erred in denying his post-conviction relief when it was established that exhibits were not admitted for cross-examination purposes in his original trial. During the original trial, the State had presented appellant's co-perpetrator as a witness. It also was shown that Martin, the co-perpetrator, had raised insanity as an issue in his case and therefore was examined by four psychiatrists. Martin's attorney testified that fol-

lowing this examination he determined that Martin was sane, which opinion he based at least in part on the reports of the psychiatrists appointed by the court.

Appellant's attorney attempted to enter the reports in evidence on cross-examination of counsel. However, the trial court refused their admission, finding that they constituted hearsay and were irrelevant as to the issues before the court. Appellant claims he did not seek to use the reports to prove the truth of what Martin said in them but to attack Martin's credibility at trial. He takes the position that his right to cross-examination required the court to permit the jury to view the reports to judge the competency of the attorney's decision that his client was sane.

This same issue was raised during appellant's original appeal to this Court. The post-conviction relief court recited this fact and correctly concluded that the matter was *res judicata* and not a proper subject for consideration in post-conviction relief hearings. *Id.*

■ Appellant contends the trial court erred in denying his petition for post-conviction relief when he had been denied effective representation by counsel in his original trial. On this issue, appellant had the burden to prove by a preponderance of evidence that his counsel in fact was ineffective. *Wickliffe v. State* (1988), Ind., 523 N.E.2d 1385. Appellant was required to establish that his trial counsel's performance was deficient and thus prejudiced him so as to deprive him of a trial calculated to produce a reliable result. *Id.*

To accomplish this, appellant must show that but for counsel's errors there is a reasonable probability that the results of the trial would have been different. *See Layton v. State* (1986), Ind., 499 N.E.2d 202. To attempt to accomplish this, appellant claims that his trial counsel was ineffective in that two requests for continuances for additional time to prepare were denied by the trial court two weeks prior to trial. We fail to see how this qualified as incompetency of counsel. In fact, a review of the record clearly demonstrates that

counsels (two had been appointed to represent appellant) were adequately prepared for trial. They cross-examined the State's witnesses effectively and raised numerous objections to the State's evidence. They also presented witnesses for the defense.

Appellant also claims the witness, Charles Martin (his accomplice), was not available as a defense witness. However, this claim is wholly without merit. Martin in fact did testify at the trial and certainly was available to appellant as a witness. It should go without saying that one can hardly fault defense counsel for failing to call as their own witness a confederate who was testifying against their client.

Appellant next complains his trial counsel should have objected at every instance when petitioner's prior rape conviction was mentioned. However, this Court, in the direct appeal, held that appellant was not unduly prejudiced by such evidence as he brought out the same evidence during his own testimony. Here again, this matter has been adjudicated previously.

 He next complains of the manner in which trial counsel attempted to present psychiatric reports on Charles Martin. He now claims that his attorney should not have attempted to do that through Martin's attorney but should have done it during the cross-examination of Martin. The mere fact that another method of introducing evidence was available to counsel does not establish that counsel was ineffective. Counsel attempted to place the exhibits in evidence and failed. It hardly can be presumed that the court would have taken a different approach had counsel offered the exhibits on the cross-examination of Martin. This Court will not hold counsel ineffective on matters that are clearly a matter of trial strategy. *VanEvey v. State* (1986), Ind., 499 N.E.2d 245.

He also contends trial counsel should have tried to introduce the psychiatric reports by arguing they were not being offered for the truth of the matters asserted therein but only to show the basis of opinion that Martin was sane. Here again, appellant is attacking his counsel's strategy. He was attempting to attack Martin's

credibility, not the reason for prior counsel's personal decision that his client was sane.

 Appellant claims the trial court erred in finding that he was guilty of laches in bringing his post-conviction relief petition. Although appellant claims that the long lapse of time between his conviction and the bringing of his post-conviction relief petition was brought about by his incarceration and his lack of knowledge of the law, as above pointed out, he almost immediately began filing remedial petitions with the state court and the federal court. The record belies his claim that he knew nothing of available remedies and was not afforded the opportunity to assert them even had he known of them.

When the State raises the issue of laches, it bears the burden to prove both prejudice and unreasonable delay. *Twyman v. State* (1984), Ind., 459 N.E.2d 705. The State adequately discharged both of these responsibilities. In addition to showing the delay in time, the State also presented evidence that the victim of the robbery was now deceased, that investigating police officers had since retired, and those who were available did not have distinct recollection of the details of the case nor did they have access to records which would disclose the same. There is ample evidence in this record to support the trial court's finding that appellant was guilty of laches.

The trial court is affirmed.

SHEPARD, C.J. and PIVARNIK, J., concur.

DeBRULER and DICKSON, JJ., concur in result without separate opinion.